**Jocelyn BRISTOL, Plaintiff–Appellant,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Defendant–Appellee.**

**Docket No. 02–7043.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2002.

Jocelyn Bristol, pro se, Brooklyn, NY, for Plaintiff–Appellant.

Janet L. Zaleon, for Michael A. Cardozo, Corporation Counsel, The City of New York, New York, NY, for Defendant–Appellee.

Present FEINBERG, MESKILL and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Jocelyn Bristol, pro se, filed a complaint against the New York City Board of Education (the "Board") alleging, inter alia, that the Board (1) violated his due process rights under 42 U.S.C. § 1983; (2) deprived him of his property interest in his employment; (3) breached various provisions of the Collective Bargaining Agreement between the Board and the United Federation of Teachers; (4) libeled him with respect to evaluations he received; and (5) infringed upon his liberty interest to pursue the occupation of his choice. Bristol sought reinstatement of his employment with the Board, back pay, retirement rights, pension and health benefits, and monetary damages. In response, the Board filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), asserting that each of Bristol's claims was barred by the relevant statute of limitations and failed to state a claim for which relief could be granted. The United States District Court for the Eastern District of New York (Trager, *J.*) granted the Board's motion, and Bristol appeals.

We review de novo the dismissal of a complaint under Rule 12(b)(6), taking as true the material facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff. *See Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996); *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699–700 (2d Cir.1994). A dismissal under Rule 12(b)(6) for failure to state a cognizable claim may be affirmed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Citibank, N.A. v. K–H Corp.*, 968 F.2d 1489, 1494 (2d Cir.1992).

Based on a de novo review of the record, we agree that Appellant's claims fail as a matter of law for substantially the reasons given by the district court. We have considered all of Mr. Bristol's claims and find

them meritless.[1] We therefore AFFIRM the judgment of the district court.

---

1. On appeal, Bristol alleges that the Board's actions violate the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1976). We see no reason to consider this issue, raised for the first time on appeal, *see Single-ton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), especially since Bristol's assertion is unsupported by evidence in the record.